**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

James Green, Appellant.

In the interest of a minor child under the age of eighteen.

Appellate Case No. 2013-001935

———————————

Appeal From Beaufort County
Tommy B. Edwards, Family Court Judge

———————————

Unpublished Opinion No. 2014-UP-331
Submitted August 4, 2014 – Filed September 5, 2014

———————————

**AFFIRMED**

———————————

F. Ward Borden, of Jones Simpson & Newton, PA, of
Hilton Head Island, for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Gregory Michael Galvin, of Galvin Law Group, of
Bluffton, for the Guardian ad Litem.

———————————

**PER CURIAM:** James Green (Father) appeals the family court's order terminating his parental rights (TPR) to his minor child (Child). *See* S.C. Code Ann. § 63-7-2570 (Supp. 2013). On appeal, Father argues the family court erred by finding clear and convincing evidence proved (1) Child was in foster care fifteen of the most recent twenty-two months and (2) Child was harmed as defined by section 63-7-20 of the South Carolina Code (2010) while residing in Father's home, and because of the severity of the harm, it was not reasonably likely the home could be made safe within twelve months. We affirm.

1. We find that because of the severity of the harm to Child, it is not reasonably likely Father's home can be made safe within twelve months. *See* S.C. Code Ann. § 63-7-2570(1) (2010) ("The family court may order [TPR] upon a finding . . . [t]he child[,] . . . while residing in the parent's domicile[,] has been harmed as defined in [s]ection 63-7-20, and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months."); S.C. Code Ann. § 63-7-20(4)(c) (defining "harm" to include when a parent "fails to supply the child with adequate . . . health care though financially able to do so . . . and the failure to do so has caused or presents a substantial risk of causing physical or mental injury").[1]

2. We find TPR was in Child's best interest. *See Charleston Cnty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 102, 627 S.E.2d 765, 774 (Ct. App. 2006) ("In TPR cases, the best interest of the child is the paramount consideration."); *id.* ("The interests of the child shall prevail if the child's interest and the parental rights conflict." (quoting S.C. Code Ann. § 63-7-2620 (2010))).

**AFFIRMED.**[2]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] Because we find the family court properly ordered TPR based on this ground, we decline to address the alternative grounds. *See* S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2013) ("The family court may order [TPR] upon a finding of *one* or more of the [statutory grounds]." (emphasis added)); *Doe v. Baby Boy Roe*, 353 S.C. 576, 581, 578 S.E.2d 733, 736 (Ct. App. 2003) ("Having found *one ground* on which the family court properly terminated [the parent]'s parental rights, we need only determine that [TPR] is in [the child]'s best interest[] to affirm the family court's termination." (emphasis added)).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.